IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHELE BLAKELY,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. _____ |
| **CARMAX AUTO SUPERSTORES, INC.** **and AMERICAN CREDIT ACCEPTANCE, LLC,** | ) ) ) ) |
| **Defendants.** | ) ) |

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, American Credit Acceptance, LLC (ACA), appearing specially to preserve all defenses available under Fed. R. Civ. P. 12, all defenses under the federal laws of bankruptcy, and specifically preserving the right to demand arbitration under contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1-16, gives notice of removal from the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas.

### Introduction

1. Michele Blakely started this case by filing a petition in the District Court of Johnson County, Kansas, Case No. 23-CV-2736.

2. In her petition, Blakely alleges that ACA and CarMax Auto Superstores, Inc. misrepresented information when she bought a vehicle. (Pet. ¶¶ 2-4, 7-20.) Blakely also alleges that ACA and CarMax unlawfully obtained her credit report. (*Id.* pp. 3-4, ¶¶ 15-20.)

50979814 v1

3. Blakely asserts a claim under the federal Fair Credit Reporting Act (FCRA). She also asserts state-law claims including violation of the Kansas Consumer Protection Act (KCPA), fraud, and identity theft.

4. In her petition, Blakely seeks actual damages in the amount of $71,930 plus punitive damages. (Pet. at 5.)

**Diversity Jurisdiction**

5. This Court has diversity jurisdiction over all of Blakely's claims in her petition under 28 U.S.C. § 1332(a)(1), which gives federal district courts original jurisdiction over all civil actions when the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and when the case is between citizens of different states.

I. **The parties are completely diverse.**

6. Complete diversity of citizenship exists between Blakely and ACA.

7. A person's state citizenship is determined by her state of domicile, not her state of residence. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). Domicile is established by a person's physical presence in the state and her intent to remain there. *Id.*

8. When determining a person's domicile, courts consider factors like where she resides, works, pays taxes, and is registered to vote. *See Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 913 (N.D. Cal. 2016).

9. Blakely's petition shows that her address is in Deltona, Florida. (Pet. at 5.) So she is a citizen of Florida.

10. For the purpose of determining diversity jurisdiction, a limited liability company's citizenship is determined by that of its members. *Pentair Flow Techs., LLC v. L. I. Dev. Kan. City, LLC*, No. 22-2241-JAR-ADM, 2022 WL 2290532, at *1 (D. Kan. June 24, 2022) (citing *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)).

11. ACA is a limited liability company whose members are citizens of these states: California, Georgia, Illinois, Missouri, North Carolina, and South Carolina. *See* **Exhibit A**, Declaration of Catherine Cormier, ¶ 6. So ACA is a citizen of these states for diversity purposes. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

12. Because no member of ACA is a citizen of Kansas, complete diversity of citizenship exists between Blakely and ACA. *See* 28 U.S.C. § 1441(b)(2).

**II.     The amount in controversy is satisfied.**

13. Diversity jurisdiction is also proper because it is apparent from Blakely's petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. For diversity, the amount in controversy can be determined by the amount sought on the face of Blakely's pleadings. 28 U.S.C. § 1446(c)(2); *Bottone v. Lindsley*, 170 F.2d 705, 706 (10th Cir. 1948).

15. Blakely's petition seeks actual damages of $71,930 plus punitive damages. (Pet. at 5.) Her claim for punitive damages pushes the amount in controversy above $75,000. *See Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994).

16. So the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional requirement. And this Court has diversity jurisdiction.

**Federal Question Jurisdiction**

17. This Court also has federal question jurisdiction. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based on a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

18. This case is removable under 28 U.S.C. § 1441(a) because federal question jurisdiction is present. Section 1441(a) says:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

19. This is a civil action arising under the Constitution, laws, or treaties of the United States because Blakely is asserting a claim against ACA based on an alleged violation of the federal FCRA, 15 U.S.C. §§ 1681-1681x. So Blakely's FCRA claim arises under the laws of the United States and could have been originally filed in this Court.

## Supplemental Jurisdiction

20. This Court should also exercise supplemental jurisdiction over Blakely's state-law claims because they form part of the same case or controversy as her FCRA claim.

21. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), says:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . .

22. Blakely's state-law claims for violating the KCPA, fraud, and identity theft relate to the same alleged activity that forms the basis for her FCRA claim—alleged misrepresentations and nondisclosures when she bought the vehicle..

23. ACA expressly consents to this Court's jurisdiction over Blakely's state-law claims and any other state-law claim arising out of her petition that forms part of the same case or controversy.

24. So supplemental jurisdiction is appropriate for Blakely's state-law claims because they are related to her federal question claim, and thereby form part of the same case or controversy.

25. Accordingly, removal is proper under 28 U.S.C. § 1441(a).

### Adoption and Reservation of Defenses

25. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of ACA's rights to assert any defense or affirmative matter, including, but not limited to: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all the claims; (8) failure to join indispensable parties; (9) that Blakely's claims are barred by *res judicata* and/or collateral estoppel; or (10) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### Procedural Requirements

26. This case is a civil action under the acts of Congress relating to removal.

27. ACA is filing this notice of removal, under 28 U.S.C. § 1446, within 30 days from May 26, 2023, the date ACA was served with a copy of the petition. *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . .").

28. Copies of "all process, pleadings, and orders" filed to date are composite **Exhibit B** in conformity with 28 U.S.C. § 1446(a). There have been no other process, pleadings, or orders served on ACA to date.

29. ACA has obtained consent to the removal of this action from CarMax. CarMax's consent to removal is attached hereto as **Exhibit C**.

30. The U.S. District Court for the District of Kansas is the court and division embracing the place where this case is pending in state court.

31. Under 28 U.S.C. § 1446(d), along with filing this notice of removal, ACA has filed a copy with the clerk of the District Court of Johnson County, Kansas, and a notice of filing notice of removal. ACA has also served Blakely with written notice of filing this notice of removal.

32. ACA hereby designates Kansas City, Kansas as the place of trial.

**THEREFORE**, ACA prays that this Court take jurisdiction over this case and issue all necessary orders and process to remove this case from the District Court of Johnson County, Kansas, to the U.S. District Court for the District of Kansas.

Respectfully submitted this 16th day of June, 2023.

> _/s/ Megan McCurdy_
> Megan McCurdy, KS #23473
> STINSON LLP
> 1201 Walnut Street, Suite 2900
> Kansas City, Missouri, 64106
> Telephone: (816) 691-2649
> Facsimile: (816) 691-3495
> megan.mccurdy@stinson.com
>
> Attorney for Defendant
> AMERICAN CREDIT ACCEPTANCE, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 16, 2023, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will serve electronic notice of the filing to all Counsel of Record.  A copy of the foregoing has been served on the following through first-class, United States mail, postage prepaid, on this the 16th day of June, 2023.  A copy has also been provided via email to mblakely91@gmail.com and tshadid@klendalaw.com.

Michele Blakely
1155 Treadway Drive
Deltona, Florida 32738
Telephone: (321) 477-9873
Email: Mblakely91@gmail.com
Plaintiff

Todd E. Shadid
KLENDA AUSTERMAN LLC
1600 Epic Center
301 N. Main Street
Wichita, KS 67202-4816
Telephone: (316) 290-4644
Facsimile: (316) 267-0333
Attorney for Defendant CarMax Auto Superstores, Inc.

      */s/ Megan McCurdy*
      Attorney for Defendant
      AMERICAN CREDIT ACCEPTANCE, LLC

50979814 v1