**In the United States District Court
for the District of Kansas**

───────────

Case No. 23-cv-02272-TC-ADM

───────────

MICHELE BLAKELY,

*Plaintiff*

v.

CARMAX AUTO SUPERSTORES, INC. AND
AMERICAN CREDIT ACCEPTANCE, LLC,

*Defendants*

───────────

**MEMORANDUM AND ORDER**

Michele Blakely, proceeding pro se, sued CarMax Auto Superstores, Inc. and American Credit Acceptance, LLC over her 2021 credit purchase of a 2014 Jeep Cherokee. Prior to filing this action, however, Blakely and ACA arbitrated their dispute. ACA prevailed. *See* Doc. 9-5 at 3. In this federal action, Blakely asserts several claims under the Fair Credit Reporting Act and Kansas state law.

The parties have nine motions pending. Regarding the arbitration, Blakely's motion to vacate the arbitration award, Doc. 16, is denied and, ACA's cross-motion to confirm, Doc. 24, is granted. Regarding the request for dismissal, CarMax's motion to join ACA's motion to dismiss, Doc. 15, is granted. Defendants' motion to dismiss, Doc. 9, and motion to take judicial notice, Doc. 10, are granted in part and denied in part as moot. Finally, Blakely's motion for entry of default judgment, Doc. 27, is denied, and her other pending motions, Docs. 29, 35, 36, are denied as moot.

1

# I

## A

The pending motions implicate several different legal standards. The first standard governs vacatur and confirmation of an arbitral award under the Federal Arbitration Act, 9 U.S.C. §§ 9–11, the second governs motions to dismiss under Fed. R. Civ. Pro. 12(b)(6), and the third governs pro se filings.

**1.** The Federal Arbitration Act, 9 U.S.C §§ 1–16, codifies "a liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The FAA authorizes parties to file applications to confirm, vacate, or modify arbitral awards involving "commerce." *Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (citing 9 U.S.C. §§ 9–11). But these applications are not guaranteed a federal forum under the FAA. *Id.* So a federal court must have an independent basis for subject matter jurisdiction. *Id.*

A district court has "extremely limited" power to review an arbitration award; it owes maximum deference to an arbitrator's decision. *Mid Atl. Cap. Corp. v. Bien*, 956 F.3d 1182, 1189–90 (10th Cir. 2020). Specifically, "review of arbitral awards is among the narrowest known to the law." *Id.* A court, whether state or federal, shall confirm an arbitrator's award unless "exceptional circumstances" suggest it should be vacated pursuant to Section 10 or modified under Section 11 of the FAA. *Mid Atl. Cap. Corp. v. Bien*, 956 F.3d 1182, 1190 (10th Cir. 2020); *see also Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582–3 (2008) (holding that parties may not contract for expanded judicial review). Parties seeking vacatur must prove they are owed relief pursuant to a ground listed in Section 10. *Mid Atl. Cap. Corp. v. Bien*, 956 F.3d 1182, 1190 (10th Cir. 2020). Section 10 contains only four possible grounds for vacatur: the award was procured by corruption, fraud, or undue means, the arbitrators were evidently partial or corrupt, the arbitrators were guilty of misconduct prejudicing the rights of the parties, or, finally, the arbitrators exceeded their powers or "so imperfectly executed them" that a final award was not made. 9 U.S.C. §§ 10(a)(1)–(4). Errors in an arbitrator's factual findings do not justify vacating the arbitral award. *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001).

**2.** To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has summarized two "working principles" that underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, a court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Kan. Penn Gaming*, 656 F.3d at 1214. Second, a court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts viewed in the light most favorable to the claimant must move the claim from merely conceivable to actually plausible. *Id.* at 678–80. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis original).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). The nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

Ordinarily, a motion to dismiss is decided on the basis of the pleadings alone. But "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted). And "courts frequently take judicial notice of prior judicial acts found in records and files when evaluating the merits of a purported claim-preclusion defense" at the motion to dismiss stage. *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020); *see also Peterson v. Saperstein*, 267 F. App'x 751, 754 (10th Cir. 2008) (record documents can be considered in

3

examining a res judicata defense without converting the motion to summary judgment).

**3.** Blakely proceeds pro se, which requires a generous construction of her filings. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, and apparent unfamiliarity with pleading requirements. *Id.* But it does not permit construction of legal theories on a plaintiff's behalf or assumption of facts not pled. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**B**

In 2021, Blakely bought a 2014 Jeep Cherokee from CarMax in Merriam, Kansas. Doc. 1-2 at 1, 7.[1] She signed a contract to finance her purchase with regular installments. *Id.* CarMax then assigned the installment contract to American Credit Acceptance, LLC. *Id.* at 2.

In 2022, Blakely initiated arbitration against ACA. She claimed that ACA was not authorized to enforce the installment contract because the contract was a supervised loan and ACA lacks a supervised lender's license. She said her down payment was an unlawful pre-paid finance charge. And she argued that the parties' contract violated the Truth in Lending Act by including taxes in the finance charge, and that ACA wrongfully disclosed and accessed her personal financial information. Doc. 1-2 at ¶¶ 16–18.

---

[1] All citations are to the document and page number assigned in the CM/ECF system. Facts related to the purchase are drawn from Blakely's state law petition and are stated in the light most favorable to Blakely as the non-movant for purposes of CarMax's motion to dismiss. Facts relevant to the arbitration hearing and associated procedure are generally drawn from Blakely's motion to vacate, Doc. 16, with no inferences in Blakely's favor. *See O.R. Sec., Inc. v. Pro. Plan. Assocs., Inc.*, 857 F.2d 742 (11th Cir. 1988) (explaining that "[t]he policy of expedited judicial action expressed in section 6 … would not be served by permitting parties who have lost in the arbitration process to file a new suit" and benefit from the lenient pleadings standards); *Cessna Aircraft Co. v. Avcorp Indus., Inc.*, 943 F. Supp. 2d 1191, n.1 (D. Kan. 2013) (explaining that "the requirements of Rule 8(a) and the protections of Rule 12(b)(6) have no impact on the court's resolution" of a motion to vacate).

On May 24, 2023, the arbitrator held the final hearing by Zoom after providing the videoconference link the day before. Doc. 16 at 1. The parties submitted pre-trial briefs in advance of the hearing. Doc. 16 at 4. The arbitrator issued an award six days later, deciding in favor of ACA. Doc. 16-5. In particular, the arbitrator found that the transaction was a "consumer credit sale" and not a supervised loan. *Id.* But the arbitrator did not decide the merits of all of Blakely's claims, including those for harassment, intentional inflection of emotional distress, and abuse of process. *See* Doc. 16-4.

Blakely initiated the present litigation. A week before the arbitration hearing, she filed suit against ACA and CarMax in Kansas state court, largely repeating the grievances she raised in arbitration against ACA. Doc. 1-2. ACA timely removed to federal court. Doc. 1.

After removing the case, ACA filed two motions. One was a motion to dismiss, Doc. 9, and the other was a motion to take judicial notice of the arbitration award, Doc. 10. CarMax requested to join ACA as a co-movant as to the motion to dismiss.[2] Doc. 15.

Blakely then filed a motion to vacate the arbitration award, arguing that her hearing was unfair. Doc. 16. ACA filed a cross-motion to confirm the award, Doc. 24. Blakely also filed a motion for entry of default against ACA, Doc. 27,[3] and a motion for summary judgment, Doc. 29, which was stayed, Doc. 33. She then filed a motion to reconsider the briefing stay, Doc. 36, and a motion to strike the Defendants' affirmative defenses, Doc. 35.

---

[2] Blakely only opposed the substance of the preclusion arguments and did not oppose CarMax's request to join ACA's motion to dismiss. Doc. 17. As a result, its request to join the motion to dismiss is granted as unopposed. *See* Fed. R. Civ. P. 7(b).

[3] Blakely filed a motion for default judgment on the basis that ACA failed to timely answer. Doc 27. But ACA previously filed a motion to dismiss. Doc. 9. ACA is therefore not required to file a responsive pleading until 14 days after that motion is ruled on. Fed. R. Civ. P. 12(a)(4)(A). And, in any event, an entry of default is required before seeking default judgment. *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 711 (10th Cir. 2014). Blakely has neither sought nor obtained an entry of default, so default judgment is improper. For both of those reasons, Blakely's motion for default judgment, Doc. 27, is denied. *See also* Doc. 12 (denying similar request for similar reasons); Doc. 14 (same).

## II

Neither Section 10 of the Federal Arbitration Act nor judicially created standards command vacatur of the arbitration award, so it must be confirmed. And Blakely's remaining claims against CarMax must be dismissed because they are claim and issue precluded because they arose out of the same Jeep purchase and the fundamental legal claims were resolved by the arbitrator's final determination.

### A

The first order of business is to determine what effect, if any, the arbitration has on this litigation. Blakely argues that the arbitrator made several errors that should result in the arbitration award being vacated. Doc. 16. But she has failed to establish as much. As a result, ACA's cross-motion to confirm the arbitration award, Doc. 24, is granted. *See THI of New Mexico at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1084 (10th Cir. 2017) (an award that is not vacated must be confirmed).

#### 1

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, authorizes only four grounds to vacate an arbitral award.[4] The relevant statute reads, in pertinent part, as follows:

---

[4] The FAA does not independently bestow subject-matter jurisdiction. *See Badgerow v. Walters*, 596 U.S. 1, 7 (2022) (holding that a court cannot "look-through" a Section 9, 10, or 11 petition and base jurisdiction on a claim from arbitration). Federal courts must therefore confirm both an independent basis for subject matter jurisdiction and confirm the parties agreed to have a court enter judgment on the award. *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999). Subject-matter jurisdiction has been invoked pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the requisite amount in controversy is satisfied. *See* Doc. 1 at 2–3; Doc. 1-2 at 6; Doc. 16 at 16. And the parties' agreement to arbitrate specifies that "Judgment upon the award given by the arbitrator may be entered in any court having jurisdiction." Doc. 1-2 at 9. Thus, there is jurisdiction to review the requests to vacate and confirm the award. *See Sutter Corp.*, 179 F.3d at 866 (affirming jurisdiction pursuant to Section 1332); *see also Peterson v. Minerva Surgical, Inc.*, No. CV 19-2050, 2023 WL 8529267, at *5–6 (D. Kan. Dec. 8, 2023) (affirming jurisdiction and venue under 28 U.S.C. § 1391(a) before confirming an arbitration award).

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *see Hall Street Assoc., LLC, v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). Absent one of these factors or the application of a judicially created exception, a federal court may not set aside an arbitral award. *THI of New Mexico at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1084 (10th Cir. 2017).

**2**

Blakely seeks vacatur because the arbitrator engaged in misconduct or exceeded her powers, implicating Section 10(a)(3), 10(a)(4), and judicially created standards outside Section 10. Each argument fails as a matter of law.

**a.** Blakely's first argument alleges misconduct under 9 U.S.C. § 10(a)(3). Doc. 16 at 1–10. The evidence of misconduct, however, fails to satisfy the necessary standard.

An arbitrator is not guilty of "misconduct" if the parties were provided a "fundamentally fair hearing." *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 (10th Cir. 2001). "[A] fundamentally fair arbitration hearing requires only notice, opportunity to be heard, and to present relevant and material evidence and argument before the decisionmakers." *Id.* (quoting *Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1013 (10th Cir. 1994)).

Blakely had adequate notice of the hearing. She contends the arbitrator violated the scheduling order which stated, "the arbitrator will provide a Zoom link the week before the final hearing." Doc. 16, Doc. 16-1 at 19. Blakely took this to mean seven days in advance, Doc. 16 at 1, but the Zoom link was provided slightly less than 24

hours before the arbitration hearing, Doc. 16-1 at 19, 23. Blakely claims the late Zoom link prejudiced her because two of her witnesses could not appear on such short notice. Doc. 16 at 2–3. But the scheduling order, which was issued February 28, 2023, provided the date, time, and that the hearing would be by "Zoom." Doc. 16-1 at 19. Blakely had all material information weeks in advance and therefore sufficient time to line up her witnesses. The proximate reason Blakely's witnesses did not appear is because Blakely failed to send her witnesses the final Zoom link. Doc. 24-7 at 6–7; *cf. Elsisy v. City of Keego Harbor*, No. 19-CV-13346, 2020 WL 7350766 (E.D. Mich. Dec. 15, 2020) (approving magistrate judge's denial of a litigant's request to postpone the next day's hearing because he could not "drive to" court, when the litigant had at least three weeks' notice that the hearing would be held by videoconference). And the arbitrator allowed a delay in proceedings and otherwise offered flexibility to give Blakely's witnesses a chance to appear. Doc. 16 at 2-3; Doc. 24-7 at 7; *cf. UBS Fin. Servs. Inc. v. Walzer*, No. 9:19-CV-81161, 2019 WL 7283220, at *3 (S.D. Fla. Dec. 27, 2019) (explaining that an arbitrator may refuse to allow a witness to testify once proceedings are underway).

Blakely also had an opportunity to be heard. She contends that the arbitrator precluded her from offering testimony, but the decision to limit her testimony to cross examination was not misconduct because the mediator considered Blakeley's pre-hearing brief to be what her testimony would have been. Doc. 16 at 4. The fact that the arbitrator received Blakely's testimony by way of her pre-hearing filings—instead of permitting an extemporaneous colloquy from Blakely—satisfies her entitlement to a fair opportunity to be heard. *See Dodson Int'l Parts, Inc. v. Williams Int'l Co., LLC*, No. 216CV02212, 2020 WL 3216568, at *16 (D. Kan. June 15, 2020), *aff'd*, 12 F.4th 1212 (10th Cir. 2021) (explaining that an arbitrator has wide discretion on receiving cumulative testimony given arbitration's goals of speed and efficiency); *cf. Questar Cap. Corp. v. Gorter*, 909 F. Supp. 2d 789, 816–18 (W.D. Ky. 2012) (finding a party failed to meet its burden under Section 10(a)(3) when it could not explain why the excluded evidence was material to the decision).

Blakely presented relevant and material evidence supporting her claim, too. Blakely claims the arbitrator had an attitude of "severe disinterest and […] annoyance" and that the "hearing was extremely rushed." Doc. 16 at 3-5. While the two-and-a-half-hour hearing did not consume the six-hours for which it was scheduled, it appears

8

thorough. Blakely gave an opening statement, presented exhibits, witnesses, cross-examined ACA's witnesses, and gave a closing statement. Doc. 24 at 8. And at the arbitration hearing, Blakely estimated she would only need 35-40 minutes to present her case. Doc. 24-7 at 8. The arbitrator's attitude and the length of the hearing are not evidence of misconduct satisfying Section 10(a)(3) because Blakely was able to present relevant and material evidence. *See Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Ltd. P'ship*, 25 F. App'x 738, 743–44 (10th Cir. 2001) (explaining that refusal to consider certain proffered evidence was not misconduct where the arbitrator allowed other material evidence to be presented).

**b.** Blakely next asserts the arbitrator exceeded her powers under Section 10(a)(4). Doc. 16 at 10–14. Specifically, she says the arbitrator should have required ACA to prove that it had a supervised loan license. Doc. 16 at 5–10. But the arbitrator concluded that the transaction at issue was a "consumer credit sale," so there was no need for any loan license. Blakely has not shown this conclusion exceeded the arbitrator's contractually conferred powers..

When parties submit to arbitration, they agree that the arbitrator is empowered to decide their dispute. *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 937 (10th Cir. 2001). So long as the arbitrator "arguably interpreted" a necessary fact or applicable law in deciding the dispute, a reviewing court cannot find that the arbitrator exceeded her powers. *Piston v. Transamerica Cap., Inc.*, 823 F. App'x 553, 556–57 (10th Cir. 2020); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671–72 (2010) (explaining that an arbitrator exceeds his powers when he makes public policy, rather than decides the contract dispute before him).

Blakely has failed to establish the arbitrator exceeded her powers. The parties' dispute required the arbitrator decide whether it was material that ACA did not have a supervised loan license. She concluded it was not because the parties' transaction was a consumer credit sale. Doc. 16-1 at 24. That conclusion is not subject to attack in this proceeding. *See Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) (explaining that an arbitrator may resolve all issues in the scope of arbitration, even by dismissing a claim pre-hearing); *cf. Jiangxi Zhengao Recycled Textile Indus. Co. v. Amazon.com Servs., LLC*, No. 23-CV-9692, 2023 WL 8700956, at *3 (S.D.N.Y. Dec. 15, 2023) (explaining that an arbitrator's adverse ruling is not sufficient evidence for vacatur). As a result, vacatur under 10(a)(4) is unavailable. *THI of New Mexico at*

*Vida Encantada, LLC v. Lovato*, 864 F.3d 1080 (10th Cir. 2017) ("Even erroneous interpretations or applications of law will not be disturbed.") (internal quotations and citations omitted).

**c.** Blakely's final argument is that the arbitrator demonstrated manifest disregard of the law by finding that the financial transaction was a consumer credit sale, and not a supervised loan. Doc. 16 at 14–16 (citing Kan. Stat. Ann. § 16a-2-301(1)(b)-(c)). "Manifest disregard" requires proof that the arbitrator knew the law and deliberately chose not to apply it. *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001); *Legacy Trading Co. v. Hoffman*, 363 F. App'x 633, 635–36 (10th Cir. 2010).[5] There is no evidence of that here.

Rather, the evidence suggests that the arbitrator applied relevant law to find that the transaction was a consumer credit sale, not a supervised loan, even though the business records list the transaction as a "RETAIL LOAN." *See* Doc. 16-4. Whether the arbitrator applied the law accurately to yield that conclusion is an unreviewable question. *See A. Kershaw, P.C. v. Shannon L. Spangler, P.C.*, 703 F. App'x 635, 641 (10th Cir. 2017) (holding that an arbitrator's interpretation of the parties' agreement is not reviewable); *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1277 (10th Cir. 2005) (holding that an arbitrator's interpretation the parties' agreement permitted awarding damages did not show disregard for the law).

**3**

None of the bases that Blakely relies on justifies either vacatur or modification. *See* Part II.1–2, *supra*. And ACA moves to confirm the award. Doc. 24. The Tenth Circuit has held that where, as here, an arbitration award is not subject to vacatur or modification, a district court must affirm a request to confirm an arbitration award. *THI of New Mexico at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1084

---

[5] Defense counsel claims "manifest disregard" and all other judicially created standards for vacatur may no longer be viable. Doc. 24 at 9–10 (citing *Hall Street Assoc., L.L.C. v. Mattel, Inc.*., 552 U.S. 576, 585, 589 (2008)). This Memorandum and Order assumes without deciding that the "manifest disregard" standard remains available. *See THI of New Mexico at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1088 (10th Cir. 2017) (assuming without deciding that the manifest disregard standard survives *Hall Street*).

(10th Cir. 2017). Accordingly, ACA's motion to confirm the award, Doc. 24, is granted.

**B**

CarMax moves to dismiss based on the theory that Blakely's claims are barred by claim and/or issue preclusion because of ACA's arbitration with Blakely.[6] Doc. 9. For the following reasons, CarMax's motion is granted.

**1.** "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Johnson v. Spencer*, 950 F.3d 680, 708 (10th Cir. 2020). A prior adjudication has claim preclusive effect if there was "(1) a final judgment on the merits in [that] action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Denver Homeless Out Loud v. Denver*, 32 F.4th 1259, 1271 (10th Cir. 2022). If all three requirements are met, claim preclusion bars the claim unless "the party resisting [claim preclusion] did not have a full and fair opportunity to litigate the claim in the prior action." *Johnson*, 950 F.3d at 708.

CarMax has established all three of these elements. Accordingly, the motion to dismiss is granted.

The arbitration award against Blakely in favor of ACA was a final judgment on the merits. *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221 (10th Cir. 2017) (holding that an arbitration award is

---

[6] The FAA requires consideration of Blakely's motion to vacate and ACA's motion to confirm before considering the motion to dismiss. *See* 9 U.S.C. § 6 (explaining that applications to vacate an arbitration award "shall be made and heard in the manner provided by law for the making and hearing of motions."); *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 582 U.S. 576, 583 (2008) (recognizing the FAA provides a streamlined process for considering whether to confirm, vacate, or modify an arbitration award); *see also Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570–71 (7th Cir. 2007) (explaining that the FAA preempts the application of Rule 12(b)(6) and that it was error for the district court to apply those standards). And because that award was confirmed, *see* Part II.A., *supra*, ACA's motion to dismiss is moot. But because CarMax was not a party to arbitration, its motion to dismiss must be examined on the merits.

generally a final judgment).[7] Blakely counters that the arbitration award is not final since she moved to vacate it. Doc. 17 at 1. But there are no grounds for vacating, and even if the award were not a valid final judgment until confirmed, the arbitration award has now been confirmed. *See* Part II.A, *supra*; *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831–32 (10th Cir. 2005) (explaining that a district court's denial of a motion to vacate an arbitration award was a resolution on the merits).

There is also identity of the parties. Blakely was a party to the arbitration with ACA. CarMax is in privity with ACA as the assignor of Blakely's retail installment contract.[8] Assignors are in privity with their assignees. *See Stuber v. Sowder*, 213 P.2d 989 (Kan. 1950) (predecessors in interest are in privity with their successors); *Moore v. Petroleum Bldg.*, 187 P.2d 371, 372 (Kan. 1947) (assignors are predecessors in interest); *Rook v. James E. Russell Petroleum, Inc.*, 679 P.2d 158, 164 (Kan. 1984) (declaring assignees in privity with their assignors); *accord Melot v. Roberson*, 653 F. App'x 570, 575 (10th Cir. 2016) (recognizing that while there are no standard definitions of privity for claim preclusion, privity requires showing the parties in the two actions are substantially the same). As a result, CarMax and ACA are privies for the purpose of this litigation, satisfying the second element for claim

---

[7] The parties do not dispute the authenticity of the arbitration award, which is central to the claim. Defendants submitted the award as Doc. 9-5; Blakely as Doc. 16-4. Therefore, it is proper to recognize the award in resolving the 12(b)(6) motion to verify Defendants' claims without converting the motion into one for summary judgment. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1178 (10th Cir. 2007) (quoting from the arbitration award attached to a complaint to affirm dismissal). No other documents outside Blakely's petition were necessary to resolve the motion to dismiss. As a result, the Motion to Take Judicial Notice, Doc. 10, is granted with respect to the arbitration award but denied as moot with respect to the remaining documents. *See Chen v. Dillard Store Servs., Inc.*, 579 F. App'x 618, n.1 (10th Cir. 2014) (affirming the district court's act of taking judicial notice of an arbitration award on a motion to dismiss, but reversing on the merits of the res judicata defense).

[8] A federal court sitting in diversity generally applies federal preclusion law except for aspects that are "distinctly substantive," such as whether the parties are in privity. *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, n.1 (10th Cir. 1995).

preclusion. *Cf. Massey v. Computershare Ltd.*, No. 21-CV-0601, 2021 WL 5810720, at *6–7 (D. Colo. Dec. 7, 2021) (loan servicer and mortgagee were privies by way of contractual assignment of servicing rights).

Finally, there is identity of the causes of action and claims between the arbitration and this litigation. Kansas courts apply a "flexible and common-sense" approach to the identity of claims that considers not just the procedural posture but the substance of both the first and subsequent action. *Herington v. City of Wichita*, 500 P.3d 1168, 1179 (Kan. 2021). This standard has been met because Blakely raises the same cause of action in this complaint as she did in arbitration. *Compare* Doc. 1-2 (explaining that her claims against CarMax arise from her March 2, 2021 purchase on credit of a 2014 Jeep Cherokee from CarMax) *with* Doc. 16-1 at 39–55 (alleging the same claims in this suit).

And, as described above, Blakely had a full and fair opportunity to litigate in arbitration. She presented her claims in writing and at a hearing, and an arbitrator ultimately rendered a considered decision. Part II. A, *supra*. That is sufficient for preclusion purposes. *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821 (10th Cir. 2005) (holding that claim preclusion applied even if a defense was not raised at arbitration because the defense was not meritorious in an attempt to vacate the arbitration award).

**2.** Blakely's claims against CarMax are also issue precluded. This provides an independent basis for dismissal.

"Issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue." *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). Four elements must exist for an issue to be precluded. *Bushco v. Shurtleff*, 729 F.3d 1294, 1301 (10th Cir. 2013). First, the issue previously decided must be identical to the one presented in the action at bar. *Id.* Second, the prior action must have been finally decided on the merits. *Id.* Third, the party against whom issue preclusion is invoked must have been a party, or in privity with a party, in the previous action. *Id.* Fourth, the party against whom issue preclusion is raised must have had a full and fair opportunity to litigate the issue in the prior action. *Id.*

The elements of issue preclusion are satisfied. The arbitration decided whether the 2021 transaction between Blakely and CarMax was a supervised loan, Doc. 16-1 at 24, which is the underlying issue for Blakely's claims against CarMax in this litigation, *see* Doc. 1-2. As described above, the arbitration was a final adjudication on the merits, Blakely was a party to the arbitration, and Blakely had a full and fair opportunity to litigate whether the contract was a supervised loan subject to certain federal and state laws. *See* II.A, *supra*. So even if her claims were not barred by claim preclusion, they would be barred by issue preclusion.

### III

For the foregoing reasons, CarMax's motion to join the motion to dismiss, Doc. 15, is GRANTED; the motion to dismiss, Doc. 9 is GRANTED in part and DENIED in part as moot; Defendants' motion to take judicial notice, Doc. 10, is GRANTED in part and DENIED in part as moot; Blakely's motion to vacate, Doc. 16, is DENIED; Defendants' cross-motion to confirm the arbitration award, Doc. 24, is GRANTED; Blakely's motion for entry of default against ACA, Doc. 27, is DENIED, and Blakely's summary judgment motion, Doc. 29, motion to reconsider the briefing stay, Doc. 36, and motion to strike, Doc. 35, are DENIED as moot.

It is so ordered.

Date: February 12, 2024               　s/ Toby Crouse　　　　　
                                                  Toby Crouse
                                                  United States District Judge